ADAM K. BULT, ESQ., Nevada Bar No. 9332
abult@bhfs.com
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
eellis@bhfs.com
DAVEN P. CAMERON, ESQ., Nevada Bar No. 14179
dcameron@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135

*Attorneys for Plaintiff R Consulting & Sales Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| R CONSULTING & SALES INC., a Nevada corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>AVJET ASIA CO., LTD., an entity in the Republic of Korea; JOHN DOE DEFENDANTS I THROUGH X; ROE ENTITIES I THROUGH X,<br><br>                    Defendants. | CASE NO.:<br><br>**COMPLAINT** |

Plaintiff R Consulting & Sales Inc. ("Plaintiff" or "RC&S"), by and through its counsel of record Adam K. Bult, Esq., Emily A. Ellis, Esq., and Daven P. Cameron, Esq. of the law firm of Brownstein Hyatt Farber Schreck, LLP, hereby files this Complaint against Defendant Avjet Asia Co., Ltd. ("Avjet") and alleges and avers as follows:

**PARTIES**

1.      Plaintiff RC&S is, and was at all times relevant hereto, a Nevada corporation with its principal place of business in Las Vegas, Nevada.

. . .

. . .

18673728

1

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1      2.     RC&S is informed and believes and thereon alleges that at all times relevant

2  hereto, Defendant Avjet is a foreign entity organized and existing under the laws of the Republic

3  of Korea.

4                              **JURISDICTION AND VENUE**

5      3.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 2 as

6  though fully set forth herein.

7      4.     This case arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201

8  and 2202 and 49 U.S.C. § 4401, *et seq.*

9      5.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§

10  1331, 1332, and 49 U.S.C. § 4401, *et seq.*

11      6.     The Court has personal jurisdiction over the Defendant because (a) the Defendant

12  intentionally directed activities to Nevada by improperly attaching a lien on an aircraft owned by

13  a Nevada entity, (b) the improper attachment of a lien has caused harm to a Nevada entity, (c) the

14  claims herein arise out of these actions, and (d) the exercise of personal jurisdiction over the

15  Defendant would not be unreasonable.

16      7.     Venue is proper in the United States District Court for the District of Nevada's

17  unofficial Southern District under 28 U.S.C. § 1391(b)(2).

18                                **GENERAL ALLEGATIONS**

19      8.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 7 as

20  though fully set forth herein.

21      9.     RC&S is the legal owner of a certain aircraft described as: N234LR, Gulfstream

22  American Corp. G-1159A Serial Number 300 (the "Aircraft"), pursuant to a Bill of Sale, properly

23  recorded with the Federal Aviation Administration ("FAA").

24      10.    On June 3, 2015, Defendant Avjet improperly recorded a lien against the Aircraft

25  ("Lien"), which is unenforceable because it does not comply with the applicable lien laws,

26  specifically Nevada Revised Statutes 108.265 *et. seq.*.

27      11.    Plaintiff seeks a declaration from this Court declaring that the foregoing Lien and

28  filed with the FAA against the Aircraft is null, void, and unenforceable and entering judgment

18673728                                        2

1  finding RC&S' title in a form recordable with the FAA in accordance with Nevada and Federal

2  law.

3  **FIRST CAUSE OF ACTION**

4  **(Declaratory Relief)**

5  12.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 11

6  as though fully set forth herein.

7  13.  A ripe case in controversy now exists between Plaintiff and Defendant Avjet

8  concerning the validity and enforceability of the lien recorded against the Aircraft with the FAA.

9  This controversy is capable of and in need of prompt judicial resolution.

10  14.  Plaintiff has satisfied all conditions precedent to filing this suit, and if not, those

11  conditions have been waived or are futile.

12  15.  Plaintiff is entitled to a declaration that the Lien is null, void, and unenforceable.

13  16.  Plaintiff has been forced to retain counsel to prosecute this action and is, therefore,

14  entitled to an award of attorneys' fees and costs as provided by law.

15  **SECOND CAUSE OF ACTION**

16  **(Slander of Title)**

17  17.  Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 16

18  as though fully set forth herein.

19  18.  RC&S, as the owner of the Aircraft, has exclusive valid title to the property.

20  19.  Defendant Avjet disparaged RC&S's title to the Aircraft by and through the

21  recordation, publication and maintenance of the Lien.

22  20.  Defendant Avjet knew or should have known that the invalid recordation of the

23  Lien was improper because there is no underlying debt and it was not recorded in compliance

24  with applicable lien laws found in the Nevada Revised Statutes Chapter 108.

25  21.  As a direct and proximate result of Defendant's actions in recording, publishing,

26  and maintaining the Lien, RC&S's title to the Aircraft has been disparaged and clouded, thereby

27  causing damages.

28  22.  Plaintiff has been forced to retain counsel to prosecute this action and is, therefore,

18673728

3

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1    entitled to an award of attorneys' fees and costs as provided by law.

2           WHEREFORE, Plaintiff prays for relief as follows:

3           1.      For declaratory relief in the form of a Decree from this Court that the that the Lien

4    referenced herein and recorded with the FAA against the Aircraft is null, void, and unenforceable

5    and a judgment finding RC&S' title in a form recordable with the FAA in accordance with

6    Nevada and Federal law;

7           2.      For compensatory, general, and special damages in an amount to be determined at

8    trial;

9           3.      For an award of reasonable attorneys' fees and costs; and

10          4.      For such other and further relief as this Court may deem just and proper.

11          DATED this 15th day of February, 2019.

12                                          BROWNSTEIN HYATT FARBER SCHRECK, LLP

13

14          BY:     /s/ Emily A. Ellis
                    ADAM K. BULT, ESQ., Nevada Bar No. 9332
                    abult@bhfs.com
15                  EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
                    eellis@bhfs.com
16                  DAVEN P. CAMERON, ESQ., Nevada Bar No. 14179
                    dcameron@bhfs.com
17                  100 North City Parkway, Suite 1600
                    Las Vegas, NV  89106-4614
18                  Telephone:  702.382.2101
                    Facsimile:   702.382.8135

19
                    *Attorneys for Plaintiff R Consulting & Sales Inc.*
20

21

22

23

24

25

26

27

28

18673728                                        4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101